**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WILLIAM REECE, et al. | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) CASE NO. CIV-12-457-JH | |
| | ) | |
| AES CORPORATION, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT GCI MINING, A/K/A GEORGES COLLIERS INC.'S MOTION TO
DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT
PURSUANT TO FED R. CIV.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM
FOR WHICH RELIEF CAN BE GRANTED AND BRIEF IN SUPPORT**

COMES NOW**,** Defendant GCI, Mining, a/k/a  Georges Colliers, Inc. ("GCI"),

and hereby move to dismiss Plaintiffs' Corrected First Amended Complaint [DOC. #315]

pursuant to Fed. R. Civ. P. 12(b)(6), as to all claims against GCI asserted by Plaintiffs in

their Corrected First Amended Complaint ("CFAC"). Additionally, GCI hereby adopts

and incorporates by reference the general facts, arguments and authorities, filed by

Defendants AES Corporation, AES Shady Point, LLC, Mountain Minerals, LLC and Coal

Creek Minerals, LLC, specifically Propositions I, II and III [Doc. #364].  Additionally,

GCI joins in Motion of Defendant XTO Energy, Inc, specifically Proposition II [Doc.

#350].  In support of its Motion, GCI states as follows:

**INTRODUCTION**

This cause of action arises out of the alleged release of toxic substances from a

disposal facility called Making Money Having Fun pit ("MMHF") in LeFlore County,

Oklahoma ("Disposal Site"). Plaintiffs bring this case as a class action to recover for

1

alleged injuries caused by the presence of or exposure to "Coal Combustion Waste" ("CCW/Fly Ash") or "Produced Fluid Waste," ("PFW") which they allege the Defendants "generated, transported, disposed, released, or permitted the escape of hazardous and nonhazardous waste which has polluted and contaminated a geographic area of LeFlore County, Oklahoma." *See*, CFAC ¶ 2. Plaintiffs seek to represent a class of citizens, residents, and property owners within a "a three mile radius or more" of the Disposal Site, (b) "a three-mile perimeter measured from the legal boundaries of the AES Shady Point ("AESSP,") property on which the plant is located; (c) "a three-mile radius of any open CCW/Fly Ash disposal pit within LeFlore County, including but not limited to the Milton Pit, the Rose Mine Pit, The Starlite II Mine Pit, and the Heatherly Mine Pit…" and (d) "one thousand (1000) yards of private roads, streets, and driveways within LeFlore County which are or have been… used by vehicles hauling CCW/Fly Ash from the AES Shady Point coal-fired plaint to the MMHF Dump Site; and used by vehicles hauling CCW/Fly Ash from the AES Shady Point coal-fired plaint to open CCW/Fly Ash disposal pit or dump site…" *Id.* ¶ 3. Plaintiffs assert claims on behalf of the putative class for strict liability, public and private nuisance, trespass, negligence, negligence *per se*, and unjust enrichment.  Plaintiffs' claims against GCI are deficient because the CFAC is conclusory and makes generalized assertions of harm against numerous Defendants, inclusive of GCI, without alleging specifically what GCI has done wrong or what actual injury each Plaintiff has suffered as a result of the alleged wrongdoing.

GCI, referred to as "GCI Mining" was named as a Defendant in this action as one (1) of over forty (40) total Defendants and one (1) of sixteen (16) alleged "CCW/Fly-Ash" Defendants. A review of the entire Complaint reveals that Plaintiffs only reference

two general allegations that even mention GCI. First, Plaintiffs allege that GCI's "business includes the transport of coal to the AESSP plant and the transport and disposal of CCW/Fly Ash from the AESSP plant to the MMHF Dump Site or other CCW/Fly Ash disposal sites with the Class Area." *Id*. ¶19. Second, Plaintiffs' list GCI, among nine other CCW/Fly Ash Defendants, as having "delivered coal and limestone to the AESSP plant." *Id.* ¶90. Because the CFAC does not satisfy the notice and plausibility standards of Rule 8 against GCI, this Court should dismiss the claims in their entirety.

## ARGUMENT & AUTHORITIES

I.     **Plaintiffs Fail To Meet The Plausibility And Notice Standards For Their Corrected First Amended Complaint Under *Twombly* And Its Progeny.**

A. Standard Of Review And Applicable Case Law For Fed.R.Civ.P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 674, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, "[a] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012)(quoting *Twombly*, 550 U.S. at 570).

To satisfy the plausibility standard, the plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Larson v. Agos*, No. 11-cv-00986-CMA-CBS, 2011 U.S. Dist. LEXIS 66864, at 6-7 (D. Colo. June 22, 2011)(quoting *Iqbal,* 129 S. Ct. at 1949); Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

3

enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555, 557).

In the instant case, Plaintiffs must allege sufficient facts, not legal conclusions, against GCI in order to be entitled to relief.  "[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster,* 596 F.3d 751, 753 (10th Cir. 2010)(quoting *Iqbal,* 556 U.S. at 674). "Factual allegations must be enough to raise a right to relief above the speculative level." *See, Twombly,* 550 U.S. at 555. GCI contends that the conclusory allegations made against it in the CFAC simply does not meet the minimum pleading standards established under *Iqbal* and *Twombly,* and their respective progeny.

It is not enough that Plaintiffs' CFAC alleges that GCI business might include the transportation of coal without some basic facts to demonstrate the nexus between such transportation of coal the alleged injury to Plaintiffs.  Likewise, it is insufficient to just allege that GCI may have been involved in the delivery of coal to the AESSP plant location.  Plaintiffs fail at any attempt to place GCI on notice of how the alleged transport of coal or its delivery to a disposal site makes GCI liable to Plaintiffs for the injuries alleged in the CFAC.   "Conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "[T]he mere metaphysical possibility that some plaintiff could have prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).   It is not the duty of GCI to guess about

4

the nature of the claims asserted against it by Plaintiffs, but to the contrary, the CFAC must make clear who has done what to whom and for Plaintiffs to establish the necessary causal connection such that GCI can properly defend against the claims. "Plaintiff's conclusory allegation is insufficient to survive defendants' motion to dismiss." *Erikson v. Pawnee County Bd. Of County Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001).  A review of Plaintiffs' CFAC demonstrates that it falls short of stating a viable claim against GCI and does not heed the warning of the Court when it granted Plaintiffs leave to amend their First Amended Petition so as to state the exact harm visited  upon Plaintiffs by GCI and other Defendants.

## II.     Plaintiffs Fail To Provide GCI With Notice Of What It Allegedly Did Wrong.

The Plaintiff has the burden to "provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008). The bedrock of federal pleadings remains that at least the complaint "inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. Moreover, "[w]ithout some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rest." *Id.* (quoting from *Twombly,* 550 U.S. at 563.) The *Robbins* court also adopted standards of the Seventh Circuit which stated that "at some point the factual details in a complaint may be so sketchy that the complaint does not provide the type of notice of the

claim to which the defendant is entitled under Rule 8." *Id.* (quoting from *Airborne Beepers & Video, Inc., v. AT&T Mobility L.L.C.* 499 F.3d 663, 667 (7th Cir. 2007). The CFAC in the instant matter uniquely fails to satisfy even the rudimentary requirements of notice with respect to its allegations against GCI.

Although "[t]he pleading standard set by Rule 8(a)(2) does not change from case to case," "what constitutes sufficient notice to enable a defendant to formulate a responsive pleading does change from case to case." *Mountain View Pharmacy v. Abbott Labs.,* 630 F.2d 1383, 1386-87 (10th Cir. 1980). Thus, "a complaint in a complex, multi-party suit… require[s] more information than a simple, single party case. " *Id.* "Because the Complaint involves multiple claims and multiple defendants, the Court must carefully determine whether the Complaint provides each Defendant with the requisite notice required by Rule 8 for each claim, and whether the claim itself presents a plausible basis for relief." *Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 604 (D. N.J. 2010); *See also Jeske v. Maxim Healthcare Servs., Inc.,* No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *3 (E.D. Cal. Jan. 10, 2012) ("[A] plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'") (quoting *Gauvin v. Trombatore,* 682 F.Supp. 1067, 1071 (N.D. Cal. 1988). *Pro Image Installers, Inc. v. Dillon,* No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009) noting that "when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant"). This pleading requirement serves two purposes: "to ensure that a defendant is placed on notice

6

of [its] alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotation marks and citation omitted).

Plaintiffs' CFAC apparently misreads the Court's earlier directive or providing more facts and details, to mean just more pages and more allegations.  Here, Plaintiffs' CFAC, which numbers over 100 pages and contains approximately 250-numbered paragraphs, groups GCI together with other named companies that are given the moniker of "CCW/Fly Ash/Fly Ash Defendants" *See,* CFAC ¶¶15-30. The CFAC alleges, that these Fly Ash Defendants "actively engage in the handling, transportation, disposal, release, and escape of CCW/Fly Ash into the air, surface waters, groundwater, soil, atmosphere, and ambient air." *Id.* ¶91. The Fly Ash Defendants have allegedly been doing these activities since the late-1990s. *Id.* ¶160, Footnote 1.  Additionally, the Fly Ash Defendants are alleged to have "dump CCW/Fly Ash into the MMHF Dump Site to avoid and save the cost and inconvenience of proper, sage, and legal disposal of the CCW/Fly Ash generated at the AESSP coal burning facility; thereby increasing their profits." *Id.* ¶ 111.  Such allegations are mere conclusions in the guise of facts.

Noticeably absent from the CFAC is any allegation of what specific role, if any, GCI, or any of the other "Fly Ash Defendants" played in the alleged dumping. The CFAC does not, for example, allege in what capacity the CCW/Fly Ash was sent to the Disposal Site by GCI, or on what dates, or in what volume, as it pertains to GCI. The only allegation about GCI, individually, is found in paragraph 19 of the CFAC, where the business of GCI is alleged to include the "transport of coal to the AESSP plant and the

transport and disposal of CCW/Fly Ash from the AESSP plant to the MMHF Site or other CCW/Fly Ash disposal sites within the Class Area." *See,* CFAC ¶ 19.  Here, even if true that GCI transported and disposed of the Fly Ash, (which GCI denies), the fact that GCI allegedly was involved in such transport is insufficient since the CFAC completely fails to set forth any connection between GCI and the alleged injuries. The other reference to GCI in the CFAC, is in paragraph 90 of the CFAC which states that "Defendants GCI, Mountain Minerals, BCM, FCMC, Ash Grove, Marine Coal, Hunter Ridge, International Coal, and Coal Creek delivered coal and limestone to the AESSP plant." Missing from these conclusory allegations are specific instances of unlawful conduct that establish a plausible nexus between any alleged wrongdoing on the part of GCI and any injury suffered by the Plaintiffs. In the absence of specific allegations, any conclusion that GCI is liable is purely speculative.

Although the CFAC alleges nine trucking companies were involved in the hauling of the Fly Ash (*Id.* ¶ 90), it fails to specifically allege, or set forth sufficient facts demonstrating when GCI was directly involved, in what manner it may have been involved, or distinguish GCI from other alleged defendants to establish the requisite nexus between GCI and the injuries alleged in the CFAC.  Accordingly, it is not enough that the CFAC makes a plain statement that GCI's "business included the transport of coal to the AESSP plant and the transport and disposal of CCW/Fly Ash from the AESSP plant to the MMHF Dump Site." *Id.* ¶ 90. This vague pleading gives no clear indication of what GCI is accused of in relation to the other Defendants, what specific acts constituted illegal behavior, and when the purported wrongful acts occurred. In fact, GCI's conduct is not differentiated from any other Fly Ash Defendant's conduct in any

manner.

This type of nebulous pleading does not satisfy the notice standards of Rule 8. In *Gomez v. Wells Fargo Home Mortg.,* No. C 11-01725 LB, 2011 WL583949, at *4 (N.D. Cal. Nov. 21, 2011), the court explained, "under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide those defendants with fair notice of the claims against them and the grounds for relief." *Id.* (citing *In re Sagent Technology, Inc.,* 278 F.Supp. 2d 1079, 1094-95 (N.D. Cal. 2003); *Gauvin v. Trombatore,* 682 F.Supp. 1067, 1071 (N.D. Cal. 1988)).

The Tenth Circuit has reached this same conclusion. In *Monroe v. Owens,* 38 F. App'x 510, 515 (10th Cir. 2002), the Tenth Circuit affirmed the district court's dismissal of the plaintiff's complaint "because it provide[d] no notice to the individual defendants of the factual grounds upon which each of the numerous claims rest[ed]" and thus, "[i]t [wa]s impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred." *See, also Atuahene v. City of Harford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the]complaint failed to satisfy [the minimum standard [of Rule 8]."; *Synergy Real Estate of SW Fla., Inc. v. Premier Property Mgmt. of SW Fla., LLC*, No. 2:11-cv-707-FTM-29SPC, 2012 WL 4009534, at *2 (M.D. Fla. Sept. 12, 2012) ("[B]y indiscriminately lumping 'defendants' together, plaintiffs have failed to comply with Fed.R.Civ.P. 8.").

Plaintiffs have failed to apprise GCI of exactly what they allege it did wrong. GCI has no way of determining, based on Plaintiffs' CFAC, which of its actions are alleged to

be related to this litigation and how such alleged wrongful conduct resulted in the injuries alleged by the Plaintiffs. Instead, GCI is left to guess and speculate as to what Plaintiffs actually allege GCI may have did wrong and why GCI should be the offender when perhaps no less than fifteen other "CCW/Fly Ash/Fly Ash Defendants" may have somehow been involved in the transportation and disposal of "Coal Combustion Waste" and "Fly Ash." GCI's confusions and speculation is emphasized by Plaintiffs own allegations when it notes that one or more of the eight named trucking companies, over a period of at least fourteen years, and from unspecified sites in two different state, allegedly utilized to the Disposal Site and other disposal pits or dump sites using unnamed streets, roads, or driveways. *See,* CFAC ¶¶ 3, 19, 90, 160, Footnote 1. Under these broad allegations, there is an endless combination of potential conduct that GCI could be said to stand accused of, but nothing is provided by way of specific facts that direct GCI to the harm it allegedly has done.  Figuring out what Plaintiffs allege GCI did wrong under all these possible scenarios would require GCI to engage in the sort of guessing game that the Tenth Circuit says *Twombly* prohibits. *See, Robbins v. Oklahoma,* 519 F.3d 1242, 1253 (10th Cir. 2008)("as it stands, the complaint encompasses a broad range of imaginable circumstances, only some of which, if any, would entitle the plaintiffs to relief and therefore, 'stops short of the line between possibility and plausibility of entitlement to relief.'")(quoting *Twombly,* 127 S. Ct. at 1966); *See, also Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011)("[I]f [the] scope of the allegations in a complaint] are so general that they encompass a wide swath of conduct…, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." (internal quotation marks and citations omitted). Accordingly,

Plaintiffs CFAC should be dismissed under Rules 8(a)(2) and 12(b)(6).

**CONCLUSION**

WHEREFORE, Defendant GCI respectfully requests the Court dismiss Plaintiffs'

Corrected First Amended Complaint in its entirety and for any and relief that the Court

deem to be just and proper.

Dated this 3rd day of September, 2013.

Respectfully submitted,


_/s/Floyd James III_____
Floyd James, III OBA# 22604
Law Offices of Green, Johnson & Mumina
The Metropolitan Building
400 North Walker Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone:     (405) 702-7228
Facsimile:     (405) 702-6898
Email: fjames@gjmlawyers.com

ATTORNEY FOR DEFENDANT
GCI MINING, A/K/A
GEORGES COLLIERS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2013, I electronically transmitted the attached document to the clerk of court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a notice of electronic filing to the following ECF registrants:

**Stacy L. Acord**
sacord@ok-counsel.com, rarmstrong@ok-counsel.com, jwaller@ok-counsel.com

**Sherry P. Bartley**
sbartley@mwlaw.com, jdavis@mwlaw.com

**Russell R. Barton**
rbarton@hfblaw.com, jrose@hfblaw.com

**Jeff Belote**
jeff@jeffbelotelaw.com, leslie@jeffbelotelaw.com

**Timothy J. Bomhoff**
tim.bomhoff@mcafeetaft.com,sandy.lewis@mcafeetaft.com,  karen.hill@mcafeetaft.com, jodi.dishman@mcafeetaft.com

**Clark O. Brewster**
cbrewster@brewsterlaw.com, tmosz@brewsterlaw.com, rcornelius@brewsterlaw.com

**N. Lance Bryan**
lbryan@dsda.com, tandersen@dsda.com

**Robert P. Coffey , Jr**
robert@cgmlawok.com,amy@cgmlawok.com,reception@cgmlawok.com,          crystal@cgmlawok.com

**Andrew M. Conway**
aconway@ok-counsel.com,rarmstrong@ok-counsel.com,jwaller@ok-counsel.com

**Cody J. Cooper**
cjcooper@phillipsmurrah.com, knogle@phillipsmurrah.com

**Gary C. Crapster**
gcc@steidley-neal.com,sjs@steidley-neal.com

**James N. Crews**
ncrews@pmrlaw.net

**J. Dillon Curran**
dcurran@cwlaw.com, okc_ecf@swlaw.com, sblethrow@cwlaw.com

**C. Michael Daily**
mdaily@dailywoods.com,jjones@dailywoods.com

**Shannon Davis**
sdavis@jpwlaw.com, bclark@jpwlaw.com

**Jessica L. Dickerson**
jessica.dickerson@mcafeetaft.com,carol.ditta@mcafeetaft.com

**Jodi W. Dishman**
Jodi.dishman@mcafeetaft.com, erin.gregory@mcafeetaft.com, Karen.hill@mcafeetaft.com

**Pine Drewyor**
pine@kendalldrewyor.com,francey@kendalldrewyor.com

**Michael V. Fitzpatrick**
mfitzpatrick@hfblaw.com,jrose@hfblaw.com,jgale@hfblaw.com

**Jared D. Giddens**
jgiddens@cwlaw.com

**Warren Gotcher**
warren@gotcher-beaver.com,shelley@gotcher-beaver.com

**Trae Gray**
tg@landownerfirm.com

**Bradley A. Gungoll**
gungoll@gungolljackson.com,dalke@gungolljackson.com

**Joshua P. Hanbury**
jhanbury@hunton.com

**Ryan C. Harper**
RyanHarper@HoldenLitigation.com

**Harold E. Heath**
harold@heathlawoffice.com,amanda@heathlawoffice.com

**Todd Maxwell Henshaw**
thenshaw@jpwlaw.com,bclark@jpwlaw.com

**Sean M. Higgins**
Sean.higgins@wilsonelser.com, amy.satchu@wilsonelser.com, searcy.housgon@wilsonelser.com

**Steven E. Holden**
steveholden@holdenlitigation.com,hm@holdenlitigation.com

**Robert M. Honea**
honea@hardinlaw.com, ahartman@hardinlaw.com

**Thomas M. Ladner**
tladner@ladnerlittle.com

**Montgomery L. Lair**
mlair@brewsterlaw.com,hprescott@brewsterlaw.com

**William S. Leach**
bill.leach@mcafeetaft.com,carol.ditta@mcafeetaft.com

**Lance E. Leffel**
lleffel@fellerssnider.com,choward@fellerssnider.com,tmcgee@fellerssnider.com

**Fred A. Leibrock**
faleibrock@phillipsmurrah.com,knogle@phillipsmurrah.com,cjcooper@phillipsmurrah.-
com

**Reagan L. Madison**
rmadison@pmrlaw.net, wperrine@pmrlaw.net, ncrews@pmrlaw.net

**Linda C. Martin**
lmartin@dsda.com,tpitney@dsda.com

**Allison J. Maynard**
Allison.Maynard@WilsonElser.com

**William C. McAlister**
mainmail@abowitzlaw.com,wcm@abowitzlaw.com

**A. Scott McDaniel**
smcdaniel@ok-counsel.com,rarmstrong@ok-counsel.com,jwaller@ok-counsel.com

**Michael J. McDaniel**
michael@cgmlawok.com,connie@cgmlawok.com,amy@cgmlawok.com,recep-
tion@cgmlawok.com,janet@cgmlawok.com,crystal@cgmlawok.com

**Brian R. McLaughlin**
mclaughlinlaw@justice.com

**J. Randall Miller**
miller@millerlawtulsa.com, sgarrison@millerlawtulsa.com

**Kara E. Moore**
kmoore@jpwlaw.com,bclark@jpwlaw.com

**Charles D. Neal , Jr**
cdn@steidley-neal.com,sjs@steidley-neal.com,slc@steidley-neal.com

**Robert O. O'Bannon**
roobannon@phillipsmurrah.com,pjmurano@phillipsmurrah.com

**Stephen R. Palmer**
czwg@czwglaw.com,srp@czwglaw.com

**Matthew S. Panach**
panach@gungolljackson.com

**Rachel D. Parrilli**
rdp@steidley-neal.com,rew@steidley-neal.com

**Lisa A. Paulson**
lpaulson@ratlifflaw.com,lburton@ratlifflaw.com,aweappa@ratlifflaw.com

**William D. Perrine**
wperrine@pmrlaw.net, rmadison@pmrlaw.net, ncrews@pmrlaw.net

**Shannon H. Ratliff**
sratliff@ratlifflaw.com,bbathurst@ratlifflaw.com

**James M. Reed**
jreed@hallestill.com,aepperly@hallestill.com,sroberts@hallestill.com,sgillett@hallestill.com

**Robert M. Rolfe**
rrolfe@hunton.com

**Justin W. Ross**
jross@wyattfirm.com, gginter@wyattfirm.com

**Philard L. Rounds , Jr**
Phil@cgmlawok.com,allison@cgmlawok.com,amy@cgmlawok.com,reception@cgmlawok.com, crystal@cgmlawok.com

**Truman B. Rucker, Jr.**
Truman@ruckerlegal.com

**D. Alan Rudlin**
arudlin@hunton.com

**Clint Russell**
crussell@soonerlaw.com,ktaylor@soonerlaw.com

**John David Russell**
jrussell@fellerssnider.com,tfoster@fellerssnider.com,nsmith@fellerssnider.com

**Jordan K. Russell**
russell@gungolljackson.com,dalke@gungolljackson.com

**Miranda R. Russell**
mrussell@ok-counsel.com, smcdaniel@ok-counsel.com, rarmstrong@ok-counsel.com,
jwaller@ok-counsel.com

**Stephen M. Ryan**
stephen.ryan@dlapiper.com

**Courtney Ross Samford**
csamford@wyattfirm.com

**Stone B. Sanders**
stonebsanderslaw@yahoo.com,stonesanders@hotmail.com,mclaughlinlaw@justice.com

**Mary B. Scott**
mbs@abowitzlaw.com,vlf@abowitzlaw.com,mainmail@abowitzlaw.com

**Jason T. Seay**
jseay@cityoftulsa.org,tdisney@cityoftulsa.org,sstark@cityoftulsa.org

**David C. Senger**
david@cgmlawok.com,lyn@cgmlawok.com,crystal@cgmlawok.com

**Matthew T. Sheets**
matt@gotcher-beaver.com,jprice@gotcher-beaver.com

**George P. Sibley, III**
gsibley@hunton.com; rrolfe@hunton.com; arudlin@hunton.com; jhanbury@hunton.com

**Andrew D. Sims**
asims@hfblaw.com,jrose@hfblaw.com

**Michael Edward Smith**
mesmith@hallestill.com,athacker@hallestill.com; sthomas@hallestill.com

**Rusty Smith**
rsmith@muskogeelawyers.com,gfreeman@muskogeelawyers.com

**Robert L. Stockton**
rstockton@slawf.com,psebo@slawf.com

**Mark K. Stonecipher**
mstonecipher@fellerssnider.com,dkay@fellerssnider.com,burtz@fellerssnider.com

**Stratton Taylor**
staylor@soonerlaw.com,swells@soonerlaw.com

**Sharon T. Thomas**
sthomas@hallestill.com, athacker@hallestill.com

**Sarah J. Timberlake**
mainmail@abowitzlaw.com,sjt@abowitzlaw.com,mtj@abowitzlaw.com

**C. Miles Tolbert**
miles.tolbert@crowedunlevy.com,ecf@crowedunlevy.com

**Neal Tomlins**
Neal@Tomlinslaw.com

**L. Mark Walker**
mark.walker@crowedunlevy.com

**Dru Waren**
dwaren@windstream.net,julie@druwarenlaw.com

**Philip O. Watts**
wattslawoffices@coxinet.net

**Rick D. Westcott**
Rick@WestcottLawOffice.com

**Jeff A. Woods**
jwoods@wyattfirm.com, jross@wyattfirm.com, csamford@wyattfirm.com

**David W. Wulfers**
dwulf@jpwlaw.com,bclark@jpwlaw.com

**Daniel K. Zorn**
czwg@czwglaw.com,dkz@czwglaw.com

I certify that I served a true and correct copy of the foregoing instrument via United States Postal Service, postage prepaid, to the following attorneys of record:

Joseph K. Goerke
Mulinix Ogden Hall Andrews & Ludlam
210 W Park Ave, Ste 3030
Oklahoma City, OK 73102

Jeffrey T. Hall
Holden & Carr (Tulsa)
15 E 5th St, Ste 3900
Tulsa, OK 74103

Jeffery S. Ludlam
Mulinix Ogden Hall Andrews & Ludlam
210 W Park Ave, Ste 3030
Oklahoma City, OK 73102

Christopher A. Neal
300 Harwood Rd
Bedford, TX 76021

Trevor S. Pemberton
Mulinix Ogden Hall Andrews & Ludlam
210 W Park Ave, Ste 3030
Oklahoma City, OK 73102

Jason David Smith
The Smith Law Firm, PC
P.O. Box 19
Jay, OK 74346

/s/ *Floyd James III*
Floyd James III