## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM REESE, DIANE REESE, HERMAN TOLBERT, TIM TANKSLEY, SUSAN HOLMES, and CHARLES TACKETT, individually, and as Representatives for those seeking redress for damages, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) | Case No. 6:12-cv-00457-JH |
| AES CORPORATION, a foreign corporation, et al., BIG MAC TANK TRUCKS, L.L.C. a/k/a OKLAHOMA BIG MAC TANK TRUCKS, L.L.C.,) a Delaware limited liability company, a foreign limited partnership, et al. | ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT BIG MAC TANK TRUCKS, LLC'S
### MOTION TO DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED
### COMPLAINT FOR FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT

Ian P. Faria, OBA # 22815
**COATS | ROSE**
3 East Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone: (713) 651-0111
Facsimile: (713) 890-3919
Ifaria@coatsrose.com

- and -

Daniel K. Zorn, OBA#10010
Stephen R. Palmer, OBA#17201
**COLLINS, ZORN & WAGNER , P.C.**
429 N.E. 50TH, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
dkz@czwglaw.com
srp@czwglaw.com

**Attorneys for Defendant Big Mac Tank Trucks, L.L.C.**

## TABLE OF CONTENTS

I.      Motion ........................................................................................................... 1
II.     Adoption of Motions to Dismiss and Summary of Argument ........................... 2
III.    Procedural Background ................................................................................... 2
IV.     Standards ...................................................................................................... 3
   A.   FRCP 12(b) (6) Motion to Dismiss. ........................................................... 3
   B.   Rule 12(c) Standard ................................................................................ 5
V.      Plaintiffs' Claims Against Big Mac ................................................................. 5
VI.     Transport of PFW Is Not Abnormally Dangerous ........................................... 7
VII.    The Trespass Claim Against Big Mac Fails .................................................... 11
VIII.   Plaintiffs Have Failed To State A Viable Public or  Private Nuisance
        Claim Against Big Mac ................................................................................ 12
IX.     Plaintiffs Fail To State A Negligence Claim Against Big Mac .......................... 13
X.      Plaintiffs' Negligence *Per Se* Claim Against Big Mac Fails To State A Claim ... 14
XI.     No Unjust Enrichment Claims Available Against Big Mac ............................... 14
XIII.   No Concert Of Action Claim ........................................................................ 14
XIV.    Insufficient Pleading As To Causation/Damages ........................................... 15
XV.     Conclusion .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anderson v. Farmland Industries,*
136 F. Supp. 2d 1192 (D. Kan. 2001) ................................................................................11

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S. Ct. 1937 (2009) ..................................................................2, 4, 13, 15

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...............................................................................................2, 3, 4, 5

*Bennett v, Fuller,*
2008 WL 2987173 (N.D. Okla. 2008) ...............................................................................12

*Berneike v. CitiMorgage, Inc.,*
708 F.3d 1141 (10th Cir. 2013) ...........................................................................................6

*Brown v. Montaya,*
662 F.3d 1152 (10th Cir. 2011) ...........................................................................................5

*Chaveriat v. Williams Pipe Line Co.,*
1994 WL 583598 (N.D. Ill. Oct. 18, 1994) .......................................................................11

*Delhomme v. Caremark Rx, Inc.,*
232 F.R.D. 573 (N.D. Tex. 2005) ........................................................................................3

*Doe v. Johnson,*
817 F. Supp. 1382 (W.D. Mich. 1993) ................................................................................8

*E.S. Robbins Corp. v. Eastman Chemical Co.,*
912 F. Supp. 1476 (N.D. Ala. 1995) ...................................................................................9

*Forest Guardians v. Forsgren,*
478 F.3d 1149 (10th Cir. 2007) ...........................................................................................5

*Gaines-Tabbs v. ICI Explosives U.S.A., Inc.,*
995 F. Supp. 1304 (W.D. Okla. 1996) aff'd, 160 F.3d 613 (10th Cir. 1998) ..................10

*Gerakaris v. Champagne,*
913 F. Supp. 646 (D. Mass. 1996) .......................................................................................3

*Hammonds v. Boston Scientific, Inc.,*
2011 WL 4978369 (W.D. Okla. 2011) ..............................................................................14

*Harrison v. Leviton Mfg. Co.*,
   2006 WL 2990524 (N.D. Okla. Oct. 19, 2006) ...................................................................12

*Indiana Harbor Belt Railroad Co. v. American Cyanamid Co.*,
   916 F.2d 1174 (7th Cir. 1990) ...........................................................................................9

*Joshi v. United States*,
   No. 08-cv-498, U.S. Dist. LEXIS 69278 (N.D. Ind. Aug. 6, 2009) .........................................8

*Kansas Penn Gaming, LLC v. Collins*,
   656 F.3d 1210 (10th Cir. 2011) ........................................................................................15

*McCormick v. Halliburton*,
   895 F. Supp. 2d 1152 (W.D. Okla. 2012) ..........................................................................15

*Miller v. Wyeth Laboratories, Inc.*,
   43 F.3d 1483 (10th Cir. 1994) ..........................................................................................15

*Molnlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd.*,
   64 F. Supp. 2d 448 (E.D. Pa. 1999) ....................................................................................3

*Moore v. Texaco*,
   244 F.3d 1229 (10th Cir. 2001) ........................................................................................12

*Ridge at Red Hawk, L.L.C. v. Schneider*.
   493 F.3d 1174 (10th Cir. 2007) ........................................................................................16

*Robbins v. Okla. ex. rel. Dep't of Human Servs.*,
   519 F.3d 1242 (10th Cir. 2008) .......................................................................................4, 5

*Schwartzman, Inc. v. General Electric Co.*,
   848 F. Supp. 942 (D. N.M. 1993) .....................................................................................11

*Sidebotham v. Robison*,
   216 F. 2d 816 (9th Cir. 1954) ............................................................................................3

*Silkwood v. Kerr-McGee Corp.*, 485 F. Supp. 566 (W.D. Okla. 1979),
   667 F.2d 908 (10th Cir. 1981), 464 U.S. 238 (1984), rev'd.,
   769 F.2d 1451 (10th Cir. 1985) ........................................................................................10

*Soren v. Equable Ascent Financial LLC*,
   2012 WL 2317362 (D. Utah June 18, 2012) .......................................................................16

*Tal v. Hogan*,
   453 F.3d 1244 (10th Cir. 2006) ..........................................................................................5

iii

*Thornton v. PPG Indus., Inc.*,
   No. Civ.-11-252-RAW 2, 2011 4528508, *1 (E.D. Okla. Sept. 26, 2011)...............................5

*Toledo v. Van Waters & Rodgers, Inc.*,
   92 F. Supp. 2d 44 (D.R.I. 2000) ...........................................................................................9

*Wood v. Eli Lilly & Co.*,
   38 F.3d 510 (10th Cir. 1994) ..............................................................................................15

**STATE CASES**

*Case v. Fibreboard Corp.*,
   743 P.2d 1062 (Okla. 1987)..........................................................................................15, 16

*City of Mangnum v. Brownlee*,
   75 P.2d 174 (Okla. 1938) ....................................................................................................10

*Davis v. City of Tulsa*,
   87 P.3d 1106 (Okla. App. 2004) ...........................................................................................9

*Ins. Co. of N. Am. v. Sheinbein*,
   488 P.2d 1273 (Okla. 1971) ..................................................................................................8

*Liss v. Milford Partners, Inc.*,
   07-cv-044025123, 2008 Conn. Super., LEXIS 2490, *11
   (Conn. Super. Ct. Sept. 29. 2008) ........................................................................................8

*New Meadows Holdings Co. v. Washington Water Power Co.*,
   102 Wn.2d 495, 687 P.2d 212 (Wash. 1984)...................................................................8, 11

*Phillips Petroleum Company v, Pierce*,
   298 P.2d 772 (Okla. 1956) ..................................................................................................10

*Rapoza v. Willocks Constr. Corp.*,
   No. 22052, 2004 Haw. LEXIS 1 (Haw. Jan. 2, 2004) .........................................................8

*Seismograph Service Corp. v. Buchanan*,
   316 P.2d 185 (Okla. 1957)...................................................................................................10

*State ex. rel. Coffey v. District Court of Oklahoma County*,
   547 P.2d 947 (Okla. 1976) ..................................................................................................10

*Taylor v. Hesser*,
   991 P.2d 35 (Okla. Civ. App. 1998) ....................................................................................10

*Thompson v. Andover Oil Co.*,
   691 P.2d 77 (Okla. App. Div. 2 1984) ................................................................................12

*Wetsel v. Independent School Dist. I-1*,
    670 P.2d 986 (Okla. 1983) ..................................................................................8

*Williamson v. Fowler Toyota, Inc.*,
    956 P.2d 858 (Okla. 1998) ................................................................................12

**FEDERAL STATUTES**

42 U.S.C. § 6921(b)(2)(A) .........................................................................................6

Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6987 ("RCEA") ..........................6

**RULES**

FED. R. CIV. P. 10(c) ................................................................................................2

Fed. R. Civ. P. 12(b)(6) ....................................................................................1, 3, 5

Fed. R. Civ. P. 12(c) ............................................................................................3, 5

Fed. R. Civ. P. 12(h)(2)(A) ......................................................................................3

Fed. R. Civ. P. 7 .......................................................................................................1

Fed. R. Civ. P. 8 .......................................................................................................1

Fed. R. Civ. P. 122 ...................................................................................................1

Fed. R. Civ. P. 12 Rule 7(a) ....................................................................................3

Fed. R. Civ. P. 12 Rule 8(a) .................................................................................3, 4

Fed. R. Civ. P. 12 Rule 12(b) ...................................................................................3

Tex. R. Civ. P. 12(h)(2)(B) ......................................................................................3

**REGULATIONS**

Regulatory Determination for Oil and Gas and Geothermal Exploration, Development
    and Production Wastes, 53 FR 25446-01 (July 6, 1988) (codified at 40 C.F.R. §
    261.4(b)(5)) ......................................................................................................6

**MISCELLANEOUS**

5A Charles A. Wright & Arthur R. Miller, Federal Practices and Procedure § 1356 .....................3

RESTATEMENT (SECOND) OF TORTS ...............................................................................................9

RESTATEMENT (SECOND) OF TORTS, § 519 ...............................................................................8, 9

RESTATEMENT (SECOND) OF TORTS § 520 ...............................................................................8, 11

RESTATEMENT (SECOND) OF TORTS, § 520(a) ..............................................................................10

RESTATEMENT (SECOND) OF TORTS, § 520(d) ..............................................................................11

RESTATEMENT (SECOND) OF TORTS, § 520, cmt. l..........................................................................8

RESTATEMENT (SECOND) OF TORTS, § 834 ...................................................................................13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKALHOMA

WILLIAM REESE, DIANE REESE,    )
HERMAN TOLBERT, TIM TANKSLEY,    )
SUSAN HOLMES, and CHARLES TACKETT,    )
individually, and as Representatives for those    )
seeking redress for damages,    )
    )
    Plaintiffs,    )
    )
vs.    )    Case No. 6:12-cv-00457-JH
    )
AES CORPORATION, a foreign corporation,    )
et al., BIG MAC TANK TRUCKS, L.L.C. a/k/a    )
OKLAHOMA BIG MAC TANK TRUCKS, L.L.C.,)
a Delaware limited liability company,    )
a foreign limited partnership, et al.    )
    )
    Defendants.    )

## DEFENDANT BIG MAC TANK TRUCKS, LLC'S
## MOTION TO DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED
## COMPLAINT FOR FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 7, 8, and 12, Defendant, Big Mac Tank

Trucks, L.L.C. (hereinafter "Big Mac") files its Motion to Dismiss for Failure to State a Claim

and in support thereof respectfully shows this Court as follows as to all of Plaintiffs' claims:

### I.    Motion

1.    The allegations of the Corrected First Amended Complaint ("FAC") (Dkt. 315)

are conclusory, vague, speculative and devoid of facts stating a plausible claim for relief against

Big Mac.  Pursuant to Fed. R. Civ. P. 12(b)(6), and alternatively, 12(c), Plaintiffs' claims

involving the conduct of Big Mac for strict liability, public and private nuisance, trespass,

1

negligence, negligence *per se*, and unjust enrichment fail to meet the requirements mandated by *Twombly* and *Iqbal* and should be dismissed.

## II.   Adoption of Motions to Dismiss and Summary of Argument

2.       Pursuant to FED. R. CIV. P. 10(c) Big Mac adopts and incorporates by reference herein the arguments and authorities presented to the Court in the motions to dismiss and briefs filed by Defendants XTO Energy, Inc. (Dkt. 350), Highland Oil & Gas, LLC (Dkt. 351), Hogback Exploration, Inc. (Dkt. 352), BP America Production Co. (Dkt. 353), B B Gas Well Services, LLC (Dkt. 354), Mike Krebs Construction, Inc. (Dkt. 355), TXD Transport, L.P. (Dkt. 358), Hunter Ridge Coal Company, International Coal Group, LLC, and Marine Coal Sales Company (Dkt. 359), Sedna Energy, Inc. (Dkt. 360), Shields Operating, Inc. (Dkt. 361), Hanna Oil & Gas (Dkt. 362), Ash Grove Resources, LLC (Dkt. 363), AES Corporation, AES Shady Point, LLC, Coal Creek Minerals, LLC, and Mountain Minerals, Inc. (Dkt. 364), Chesapeake Operating, Inc., Petrohawk Operating Company, Ross Production Company and SECCO, Inc. (Dkt. 365), Chad Jackson, Daryl  J. Jackson (individually), Daryl J. Jackson, Kenneth Jackson, Kevin J. Jackson, MMHF, LLC and Thumbs Up Ranch, LLC (Dkt. 366), Stephens Production Company (Dkt. 367), GCI Mining (Dkt. 368), and Cholla Petroleum, Inc. (Dkt. 370).

## III.   Procedural Background

3.       Plaintiffs first filed this action on October 6, 2011, in Oklahoma state court asserting various tort claims against several defendants, not including Big Mac.  On October 4, 2012, Plaintiffs filed an amended petition in state court naming, among others, Big Mac.  On November 12, 2012, Big Mac filed an answer and asserted as an affirmative defense that Plaintiffs failed to state a claim against it. (Dkt. 97).  On November 5, 2012, Defendant XTO Energy, Inc. ("XTO") removed the case to this Court.  Notice of Removal (Dkt. 1).  On

2

November 13, 2012, XTO moved to dismiss Plaintiffs' First Amended Petition for failure to state a claim. (Dkt. 39).

    4.      The Court heard oral argument on XTO's and other Defendants' motions to dismiss on August 2, 2013. On August 5, 2013, the Court granted these motions. (Order, Dkt. 304). The Court also permitted Plaintiffs to file an amended complaint. *Id*. On August 19, 2013, Plaintiffs filed the FAC (Dkt. 315). Accordingly, Big Mac files this Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b) (6), or alternatively, Fed. R. Civ. P. 12(c).[1]

## IV.  Standards

### A.  FRCP 12(b) (6) Motion to Dismiss.

    5.      A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of the claim as pleaded in the Plaintiffs' Complaint.[2] The Supreme Court has clarified the standards that apply to a motion to dismiss for failure to state a claim. In *Bell Atlantic Corp. v. Twombly*, the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] A court will dismiss a

---

[1] Big Mac is entitled to file a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(h)(2)(A) and (B) (a motion to dismiss for failure to state a claim may be filed in a pleading allowed or ordered under Rule 7(a) or by motion under Rule 12(c)). Here, the Court ordered Plaintiffs to amend their complaint and Defendants to respond thereto. (Dkt. 304). Next, Big Mac was specifically given an extension to file a response or answer to the Corrected First Amended Complaint. (Dkt. 337). No prior motions to dismiss under Rule 12(b) on any ground have been filed by Big Mac. In this circumstance a 12(b)(6) motion may be filed. *Delhomme v. Caremark Rx, Inc.*, 232 F.R.D. 573, 576 (N.D. Tex. 2005) ("If the defendant has previously included failure to state a claim for which relief may be granted as an affirmative defense in his or her answer to the complaint, 'thereby giving notice' of the defense, then courts will generally permit a Rule 12(b)(6) motion to be filed after the answer.") (*citing* 5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1361 at 93 & n. 6 (3d ed. 2004) (collection cases)); *see also Molnlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd.*, 64 F. Supp. 2d 448, 449 (E.D. Pa. 1999); *Gerakaris v. Champagne*, 913 F. Supp. 646, 650-51 (D. Mass. 1996); *Sidebotham v. Robison*, 216 F. 2d 816, 823 (9th Cir. 1954). Alternatively, this Court may treat Big Mac's motion as a Rule 12(c) motion. Tex. R. Civ. P. 12(h)(2)(B).

[2] *See* Fed. R. Civ. P. 12(b)(6); 5A Charles A. Wright & Arthur R. Miller, Federal Practices and Procedure § 1356 at 294.

[3] 550 U.S. 544, 573 (2007) (quoting FED. R. CIV. P. 8(a)(2)).

complaint for failure to state a claim if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." In *Ashcroft v. Iqbal*, the Supreme Court confirmed that the *Twombly* "plausible on its face" standard extends to all civil cases.[4]

6.    With this in mind, *Twombly*, *Iqbal*, and their progeny make clear that the very purpose of the federal pleading rule is to thwart allegations predicated upon pure speculation.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'.... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[6] The standards articulated in *Iqbal* and *Twombly* also mandate that in order to survive a motion to dismiss, the plaintiff's pleadings must contain "more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do."[7] Thus, a complaint which merely propounds "naked assertion[s]" devoid of "further factual enhancement" does not fulfill the federal pleading requirements. *Id.* Correspondingly, where the facts do not permit the court to infer more that the mere possibility of misconduct, the plaintiff's complaint must also fail.[8]

7.    Plausibility means that if the allegations in a complaint are so general that they encompass a wide swath of conduct, much of it innocent, then the Plaintiffs have not nudged their claims across the line from conceivable to plausible. *Robbins v. Okla. ex. rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008).

---

[4]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 1953 (2009).
[5]  *Twombly*, 550 U.S. at 555.
[6]  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.
[7]  *Twombly*, 550 U.S. at 555.
[8]  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950.

8.     The Court must determine whether the complaint sufficiently alleges facts and all the elements necessary to establish entitlement to relief under the theory proposed. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  In a case of multiple defendants, it is particularly important that the complaint state exactly who did what to whom, otherwise the complaint would fail to present a claim for relief. *Thornton v. PPG Indus., Inc.*, No. Civ.-11-252-RAW, Pg. 2, 2011 WL 4528508, *1 (E.D. Okla. Sept. 26, 2011) (citing *Robbins*, 519 F.3d at 1249).  The *Twombly* court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged claims. *Robbins,* 519 F.3d at 1248.

**B.     Rule 12(c) Standard**

9.     The standard for determining a Rule 12(c) motion is the same as that established for a motion under FED. R. CIV. P.  12(b)(6). *See e.g.*, *Brown v. Montaya*, 662 F.3d 1152, 1160, n.4 (10th Cir. 2011).   Under either, the plaintiff is obligated to provide the grounds of his entitlement to the relief sought, which obligation does not rest on labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (2007).

### V.     Plaintiffs' Claims Against Big Mac

10.     The only specific factual allegation concerning Big Mac is in Paragraph 55 of the FAC:

> 55.     Big Mac Trucks, LLC ("Big Mac")[9] is a Delaware Limited Liability Company with its principal place of business in Enid, Oklahoma. Big Mac is engaged in the transport of PFW[10] to the MMHF Dump Site.[11]

---

[9] Big Mac was formed on October 28, 2005. *See* Delaware Secretary of State https://delecorp.delaware.gov/tin/ GINameSearch.jsp and Oklahoma Secretary of State, https://www.sos.ok.gov/corp.corpinfomation.aspx. *Tal v. Hogan*, 453 F.3d 1244, 1264-65 & n. 24 (10th Cir. 2006) (judicial notice of public records).
[10] Plaintiffs define PFW as "produced fluid waste."  (Dkt. No. 315, ¶ 15).
[11] The MMHF Dump Site is defined as the Making Money Having Fun Pit located approximately one mile south of Bohme, Oklahoma.  This motion will call it the "MMHF Site."

5

FAC (Dkt. 315). There is no allegation that Big Mac either generated produced fluid waste ("PFW") at a well site or disposed of PFW at the MMHF Site. There is no allegation as to any hazardous waste or chemicals transported by Big Mac.[12] There is no allegation as to for whom, from where, when or how many loads Big Mac transported. Big Mac is just referenced with other "Produced Fluid Defendants" (all either generators or transporters of PFW). No involvement in the activities of the CCW/Fly Ash Defendants or the MMHF Defendants, or for that matter, the generator PFW Defendants, is alleged. No specific factual allegation of participation of Big Mac in the actual disposal of PFW at the MMHF Site is alleged. No ownership, operation or control of the MMHF Site by Big Mac is alleged. Plaintiffs meanwhile concede and admit in the FAC that permits for the MMHF Site to dispose of produced water subject to certain limitations existed since September 2002, well before Big Mac. (Dkt. 315, ¶¶ 168-178). *See also* Exhibits 5 and 6 attached to the AES brief (Dkt. 364); *see Berneike v. CitiMorgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). No specific non-conclusory factual allegation concerning participation in the violation of any permit by MMHF is ever made as to Big Mac. No specific, non-conclusory allegation is made that Big Mac transported PFW not otherwise compliant with MMHF's permits. No act or event tying Big Mac to any alleged dumping of PFW at the MMHF Site or damage to surface or groundwater is provided in the FAC. Even if Big Mac transported PFW to the MMHF Site, that is insufficient because the FAC fails to provide any connection between Big Mac and Plaintiffs' alleged injuries due to the

---

[12]   Produced fluids from oil and gas operations are not "hazardous wastes" under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6987 ("RCEA"). *See* 42 U.S.C. § 6921(b)(2)(A) (temporary exemption for "drilling fluids, produced waters, and other wastes associated with "producing oil and gas"); Regulatory Determination for Oil and Gas and Geothermal Exploration, Development and Production Wastes, 53 FR 25446-01 (July 6, 1988) (extending that exemption indefinitely and finding that regulation of such wastes as hazardous wastes is unwarranted) (codified at 40 C.F.R. § 261.4(b)(5)).

migration of contaminated water from the MMHF Site, let alone one involving wrongful conduct by Big Mac in the transport of PFW which caused Plaintiffs' alleged injuries, if any.   No differentiation of Big Mac from any other Transport Defendant or Generator Defendant is even provided.   Simply put, Big Mac is left to guess and speculate, as is this Court, as to what Big Mac allegedly did wrong.

11.     The nebulous nature of the FAC is further enhanced by the failure of any Plaintiff to allege specific ownership or possession of property, let alone allege specific property impacted by the transport of PFW by Big Mac.   The same is true as to personal injuries.   No Plaintiff identifies a specific personal injury, let alone one allegedly caused by the transport of PFW by Big Mac.   Again, Big Mac and this Court are left to speculate as to what Big Mac allegedly did wrong.

12.     Nowhere in the FAC is any factual allegation made that Big Mac caused or that Big Mac allowed a toxic cocktail of PFW to overflow and migrate into nearby water or groundwater. (Dkt. 315, ¶ 187).   No engagement in activity which allowed pollutants to migrate into groundwater beyond the MMHF Site is alleged. (Dkt. 315, ¶ 187).   No specific violations by Big Mac of regulations or statutes relating to the hazards of PFW are alleged.   No citation or cease and desist order is alleged to have been caused by Big Mac. (Dkt. 315, ¶ 190).   Big Mac is not alleged to have located the MMHF pit in close proximity to the horizontal shaft mines. (Dkt. 315, ¶ 190).

## VI.     Transport of PFW Is Not Abnormally Dangerous

13.     RESTATEMENT (SECOND) OF TORTS, § 520, cmt. l, provides whether an activity is abnormally dangerous is an issue to be determined by the Court.   Courts applying § 520 of the RESTATEMENT have universally held that whether an activity is abnormally dangerous is an issue

7

of law for the court. *See e.g., Wetsel v. Independent School Dist. I-1*, 670 P.2d 986, 990 (Okla. 1983); *Ins. Co. of N. Am. v. Sheinbein*, 488 P.2d 1273, 1276 (Okla. 1971); *see also, Joshi v. United States*, No. 08-cv-498, U.S. Dist. LEXIS 69278, *10 (N.D. Ind. Aug. 6, 2009) ("[T]he questions of whether or not aircraft transportation is a dangerous instrumentality is 'a question of law for the court to decide' rather than one of fact to be decided by a jury."); *Liss v. Milford Partners, Inc.*, 07-cv-044025123, 2008 Conn. Super., LEXIS 2490, *11 (Conn. Super. Ct. Sept. 29, 2008) ("The issue of whether an activity is abnormally dangerous... is a question of law for a court to decide.") (citation omitted); *Rapoza v. Willocks Constr. Corp.*, No. 22052, 2004 Haw. LEXIS 1, *49 (Haw. Jan. 2, 2004) ("Whether or not an activity constitutes an 'abnormally dangerous'... activity is purely a question of law for the court and not the jury to decide.")' *New Meadows Holdings Co. v. Washington Water Power Co.*, 102 Wn.2d 495, 500, 687 P.2d 212 (Wash. 1984) ("Whether an activity is abnormally dangerous is a question of law for the court to decide."); *Doe v. Johnson*, 817 F. Supp. 1382 (W.D. Mich. 1993).

14.     Big Mac's alleged activity here was to transport PFW to the MMHF Site.  Under RESTATEMENT (SECOND) OF TORTS, § 519.

> General Principle.
>
> (1)     One who <u>carries on</u> an abnormally dangerous activity is subject to liability ...
> (2)     This strict liability <u>is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.</u>

(Emphasis added.)  As was stated in *Davis v. City of Tulsa*, 87 P.3d 1106, 1109 (Okla. App. 2004), it follows from this language that a defendant must be one who "carries on" an "abnormally dangerous" activity to be subject to strict liability.  The FAC only alleges Big Mac was involved in the transport of PFW.  (Dkt. 315, § 55).  No allegation of danger during

transport is ever made in the FAC, let alone harm to person, land or waters during transport. Nowhere do Plaintiffs allege that Big Mac did not safely perform its transport activities. Plaintiffs' FAC confuses the alleged potential danger of PFW with the activity of transporting PFW. *See e.g., Toledo v. Van Waters & Rodgers, Inc.*, 92 F. Supp. 2d 44, 55-56 (D.R.I. 2000); *Indiana Harbor Belt Railroad Co. v. American Cyanamid Co.*, 916 F.2d 1174, 1180-81 (7th Cir. 1990) (holding that because dangers of shipping oxylontrile could be avoided by using reasonable care, the shipping of chemicals is not a ultra-hazardous activity); *E.S. Robbins Corp. v. Eastman Chemical Co.*, 912 F. Supp. 1476, 1489 (N.D. Ala. 1995) (similar result regarding transport of chemicals).

15.     On the face of the FAC, Big Mac cannot be liable for any harm resulting from activities occurring subsequent to Big Mac's transportation of PFW. *Cf., Davis,* 87 P.3d at 1109; *see also*, comment e to subsection (2) of § 519 RESTATEMENT (SECOND) OF TORTS ("Íf the dynamite explodes in the course of transportation ..."). Strict liability cannot extend, even assuming such a theory applies to events after the transportation had safely terminated by Big Mac.

16.     The FAC does not adduce any allegations which would call for the departure from Oklahoma jurisprudence limiting the activities considered ultra hazardous so as to characterize the transport of PFW as abnormally dangerous. Oklahoma law simply requires that a commodity carrier exercise ordinary care commensurate with the danger of the commodity it carries. *See e.g., Phillips Petroleum Company v, Pierce*, 298 P.2d 772 (Okla. 1956). Oklahoma has recognized strict liability standards should be imposed only in very few instances. *See e.g., City of Mangum v. Brownlee*, 75 P.2d 174, 175-76 (Okla. 1938) (keeping wild animals); *Seismograph Service Corp. v. Buchanan*, 316 P.2d 185, 186-87 (Okla. 1957) (using explosives);

9

*Silkwood v. Kerr-McGee Corp.*, 485 F. Supp. 566, 572-76 (W.D. Okla. 1979); aff'd in part, rev'd in part, 667 F.2d 908 (10th Cir. 1981); rev'd and rem'd, 464 U.S. 238 (1984), rev'd for new trial on punitive damages, 769 F.2d 1451 (10th Cir. 1985); *but see Taylor v. Hesser,* 991 P.2d 35 (Okla. Civ. App. 1998) (paintball facility not abnormally dangerous); *State ex. rel. Coffey v. District Court of Oklahoma County*, 547 P.2d 947 (Okla. 1976) (firing cannons near residences not abnormally dangerous); *Gaines-Tabbs v. ICI Explosives U.S.A., Inc.*, 995 F. Supp. 1304 (W.D. Okla. 1996) aff'd, 160 F.3d 613 (10th Cir. 1998) (strict liability for abnormally dangerous activity not applicable to marketing and sale of ammonium nitrate).   There is no Oklahoma authority holding the transport of PFW to be an abnormally dangerous activity.

17.     Plaintiffs do not even allege PFW presents a high degree of risk of harm to person, land, or chattels of others. RESTATEMENT (SECOND) OF TORTS, § 520(a); *see also, Taylor v. Hesser*, 991 P.2d at 39.   Rather, they merely assert "CCW/Fly Ash and PFW contain hazardous, toxic and harmful constituents and chemicals <u>capable of causing</u> severe personal injuries and harm to the air, land and waters of the Class Area." (FAC, Dkt. 315, ¶203).   Being capable of causing severe injury or harm is not the same as the existence of an actual high degree of risk from transporting PFW.   Moreover, Plaintiffs do not allege any particular concentration of pollutants or contamination at any location or that any substances were present in a significant concentration to cause any harm.   Mere speculation that PFW may contain some substance of an unspecified amount does not mean the transport of PFW has a high degree of risk of harm.   Also, there is no merit to Plaintiffs' conclusory allegation that "all risk of a release and exposure…" to PFW cannot be eliminated had Defendants exercised reasonable care in transport of PFW. (FAC, Dkt. 315, ¶204).   There is not a single allegation of a transportation spill of PFW by Big Mac, or for that matter, any other Transport Defendants.   Also, the existence of extensive

10

environmental and carrier regulations suggests such activities can be conducted safely. *See e.g.,*
*Chaveriat v. Williams Pipe Line Co.*, 1994 WL 583598 (N.D. Ill. Oct. 18, 1994) ("The
inevitability of some harm does not imply that reasonable care cannot erase the high risk of harm
that triggers liability under § 520); *New Meadows Holding Co. v. Washington Water Power Co.*,
687 P.2d 212, 216 (Wash. 1984) (regulation indicates risk of transmission of gas by pipeline can
be eliminated); *Schwartzman, Inc. v. General Electric Co.,* 848 F. Supp. 942, 945 (D. N.M.
1993); *Anderson v. Farmland Industries*, 136 F. Supp. 2d 1192, 1199 (D. Kan. 2001). This
assessment is reinforced by the produced fluids exemption under federal environmental
regulations.

18.      Plaintiffs cannot seriously argue the transport of PFW is not a matter of common
usage in an oil and gas producing state such as Oklahoma. RESTATEMENT (SECOND) OF TORTS,
§ 520(d). Likewise, the transport of PFW from wells is appropriate and beneficial to the
community because it actually eliminates well site pollution and enhances the production of oil
and gas for consumption. *Id.* at § 520(e) and (f).

19.      As the forgoing demonstrates, there is no factual basis for strict liability in the
FAC and it fails to plausibly state a claim for abnormally dangerous activity concerning Big
Mac's alleged transport of PFW.

### VII.   The Trespass Claim Against Big Mac Fails

20.      Trespass involves the actual physical invasion of the real estate owned by or in
the lawful possession of another without consent. *Williamson v. Fowler Toyota, Inc.*, 956 P.2d
858, 862 (Okla. 1998); *Bennett v, Fuller*, 2008 WL 2987173 *6 (N.D. Okla. 2008); *Moore v.
Texaco*, 244 F.3d 1229 (10th Cir. 2001). The FAC contains no allegation that Big Mac owned,
controlled or operated at the MMHF Site. The FAC contains no allegation of a physical invasion

11

by Big Mac of property owned or possessed by Plaintiffs in transporting PFW.  The FAC contains no specific allegation that any single Plaintiff actually owns or possesses property which was impacted by contaminated PFW transported by Big Mac so as to confer upon them standing to make such a claim.[13]  The FAC fails to allege facts sufficient to support a claim of trespatory intent on the part of Big Mac. Because Plaintiffs fail to plead such facts to support a plausible claim and to comply with the Court's directions at the dismissal hearing, Defendants are unfairly forced to expend time and resources to defend against an unmeritorious speculative claim.

### VIII.   Plaintiffs Have Failed To State A Viable Public Or Private Nuisance Claim Against Big Mac

21.   As noted above, the FAC fails to plead any facts that Plaintiffs were in fact injured by PFW transported by Big Mac.  Plaintiffs have failed to allege PFW hauled by Big Mac contaminated or even impacted specific property owned or possessed by Plaintiffs. "[I]n order to maintain a cause of action for nuisance, the plaintiff must prove an unlawful act or omission of duty which either impaired or endangered the use of his property." *Thompson v. Andover Oil Co.*, 691 P.2d 77, 83 (Okla. App. Div. 2 1984).[14]  The conclusory statement that Big Mac transported PFW to the MMHF Site leaps over an analytical gap to reach the conclusion that therefore Big Mac caused a release of contaminated PFW onto Plaintiffs' unidentified property.  According to the RESTATEMENT (SECOND) OF TORTS, § 834, "[O]ne is subject to liability for a nuisance caused by an activity, not only when he carries on the activity but also when he participates to a substantial extent in carrying it on." There is no allegation that Big Mac

---

[13]  Plaintiffs may not base their claims in a class action on injuries allegedly suffered by other class members. *See e.g., Harrison v. Leviton Mfg. Co.*, 2006 WL 2990524 (N.D. Okla.  Oct. 19, 2006).

12

"carried on" an activity causing contaminated PFW to be released or migrate from the MMHF Site. Big Mac's only activity was the hauling of PFW to the MMHF Site. No unlawful or negligent act in the transport of PFW is alleged as to Big Mac. Plaintiffs do not allege (nor can such an allegation be made) that Big Mac had any degree of control over the MMHF Site or the PFW after delivery to the MMHF Site. The FAC fails to plausibly allege that Big Mac injured Plaintiffs due to the alleged transport of PFW it hauled to the MMHF Site which Big Mac did not own, operate or control.

### IX.     Plaintiffs Fail To State A Negligence Claim Against Big Mac[15]

22.     The FAC is devoid of any facts alleging that Big Mac (1) did not transport PFW with reasonable care or (2) knew or should have known PFW was being released from the MMFH Site. Plaintiffs' conclusions in the FAC (Dkt. 315) at ¶ 185 that Big Mac reasonably knew or should have known that PFW was allegedly escaping the MMHF Site are pure speculation which do not defeat a 12(b)(6) or 12(c) motion. *See Iqbal*, 556 U.S. at 680 (allegation that party knew of, condoned, and willfully and maliciously agreed to something that was impermissibly conclusory); *Hammonds v. Boston Scientific, Inc.*, 2011 WL 4978369 at *2 (W.D. Okla. 2011) (allegation that manufacturer "knew or should have known" of product's risks, without more, was conclusory). Plaintiffs also cannot plausibly factually contend that Big Mac had any duty with regard to the MMHF Site. Therefore, Plaintiffs' negligence claims against Big Mac should be dismissed.

---

[14]   Plaintiffs' public nuisance claims fail for the reasons stated in XTO's brief at p. 15 (Dkt. 350). Big Mac also adopts and incorporates by reference BP America Production Company's brief (Dkt. 353) at. pp. 17-20 as to nuisance in general.
[15]   Big Mac in particular refers this Court to the authorities in XTO's brief (Dkt. 350) at pp. 16-17; Chesapeake's brief at (Dkt. 365) at pp. 11-15, and ICG Defendants' brief (Dkt. 359) at pp. 10-11.

## X.   Plaintiffs' Negligence *Per Se* Claim Against Big Mac Fails To State A Claim[16]

23.     The FAC fails to plausibly factually allege a specific violation by Big Mac of any environmental statue or regulation applicable to it in transporting PFW to the permitted MMHF Site.  For that reason, as well as the comprehensive analytical arguments presented by other Defendants, the Plaintiffs' negligence *per se* claims against Big Mac should be dismissed.

### XI.   No Unjust Enrichment Claims Available Against Big Mac[17]

24.     Plaintiffs plead no facts of an advantage inuring to Big Mac's benefit at Plaintiffs' expense or of any conduct of Big Mac resulting in injustice to Plaintiffs.  Plaintiffs have other adequate remedies at law.  Plaintiffs' unjust enrichment claims against Big Mac should be dismissed.

### XII.  Plaintiffs' Claims For Medical Monitoring Should Be Dismissed[18]

25.     Medical monitoring damages are not available under Oklahoma law, and such claims under the FAC should be dismissed. *McCormick v. Halliburton*, 895 F. Supp. 2d 1152, 1159 (W.D. Okla. 2012).

### XIII.  No Concert Of Action Claim[19]

26.     Plaintiffs' conclusory allegations in the FAC about Defendants' concert of action contains no plausible factual allegations concerning Big Mac.  Such an "… allegation is precisely the sort of 'naked assertion [ ] devoid of further factual enhancement' that *Iqbal* instructs [courts] to disregard." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1221

---

[16]  Big Mac adopts and incorporates by reference XTO's brief (Dkt. 350) at pp. 17-22; Chesapeake's brief (Dkt. 365) at pp. 15-22, and ICG Defendants' brief (Dkt. 359) at pp. 1-15.
[17]  Big Mac adopts and incorporates by reference the arguments and analyses in XTO's brief (Dkt. 350) at pp. 22-23; Chesapeake's brief (Dkt. 365) at pp. 24-25, and ICG Defendants' brief (Dkt. 359) at pp. 15-16.
[18]  Big Mac adopts and incorporates by reference the arguments and analyses in BP America Production Company's brief (Dkt. 352) at pp. 20-25.

(10th Cir. 2011) (quoting *Iqbal*, 129 S. Ct. at 1949 (2009)).  The FAC fails to allege any facts to suggest a concert of action or conspiracy theory.  Oklahoma has rejected the use of concert of action as a theory of collective liability in asbestos and DES cases, and would do so here.  *See e.g., Miller v. Wyeth Laboratories, Inc.*, 43 F.3d 1483 (10th Cir. 1994); *Wood v. Eli Lilly & Co.*, 38 F.3d 510 (10th Cir. 1994); *Case v. Fibreboard Corp.*, 743 P.2d 1062 (Okla. 1987).

## XIV. Insufficient Pleading As To Causation/Damages[20]

27.    The FAC fails to identify any specific property owned or possessed by Plaintiffs which has been damaged by contaminated PFW transported by Big Mac.  The transport of PFW to the MMFH Site is not the proximate cause of a release or migration of PFW from the MMHF Site. The FAC's allegations concerning "being reasonably concerned" or "reasonably believe" about harm is not the same thing as an actual harm.  (Dkt. 315, ¶¶ 194, 195, 198 and 200). Moreover, alleging ambiguous ailments consistent with an MSDS sheet is not an allegation that contaminated PFW plausibly proximately caused an injury to a Plaintiff. *(Id.* at ¶ 199).  *See e.g., Ridge at Red Hawk, L.L.C. v. Schneider*. 493 F.3d 1174, 1175 (10th Cir. 2007); *see also Soren v. Equable Ascent Financial LLC*, 2012 WL 2317362 *3 (D. Utah June 18, 2012).  The FAC should accordingly be dismissed for failure to state a claim.

## XV. Conclusion

28.    For the various reasons stated above, Big Mac respectfully requests that all of Plaintiffs' claims against Big Mac be dismissed with prejudice, and for such other and further relief, general or special, legal or equitable, to which Big Mac may show itself just entitled.

---

[19]  Big Mac adopts and incorporates by reference the arguments and analyses in XTO's brief (Dkt. 365) at pp. 11-13.
[20]  Big Mac adopts and incorporates by reference the arguments and analyses of BP America Production Company's brief  (Dkt. 353) at pp. 3-11.

Respectfully submitted,


s/Stephen R. Palmer

Daniel K. Zorn, OBA#10010
Stephen R. Palmer, OBA#17201
**COLLINS, ZORN & WAGNER , P.C.**
429 N.E. 50TH, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
dkz@czwglaw.com
srp@czwglaw.com

                  -and-

Ian P. Faria, OBA # 22815
**COATS | ROSE**
3 East Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone: (713) 651-0111
Facsimile: (713) 890-3919
Ifaria@coatsrose.com
**Attorneys for Defendant**
**Big Mac Tank Trucks, L.L.C.**

16

**CERTIFICATE OF MAILING**

I hereby certify that on this 10th day of September, 2013,  I electronically transmitted the foregoing First Request for Extension of Time to Answer or Respond to the Clerk of the Court using the ECF System for filing. Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| A. Scott McDaniel<br>smcdaniel@ok-counsel.com | C. Michael Daily<br>mdaily@dailywoods.com |
| Allison J. Maynard<br>Allison.Maynard@wilsonelser.com | C. Miles Tolbert<br>miles.tolbert@crowedunlevy.com |
| Andrew D. Sims<br>asims@hfblaw.com | Charles D. Neal , Jr.<br>cdn@steidley-neal.com |
| Andrew M. Conway<br>aconway@ok-counsel.com | Clark O. Brewster<br>cbrewster@brewsterlaw.com |
| Bradley A. Gungoll<br>gungoll@gungolljackson.com | Clint Russell<br>crussell@soonerlaw.com |
| Brian R. McLaughlin<br>mclaughlinlaw@justice.com | Cody J. Cooper<br>cjcooper@phillipsmurrah.com |
| Jason T. Seay<br>jseay@cityoftulsa.org | Courtney Ross Samford<br>csamford@wyattfirm.com |
| Jeff Belote<br>jeff@jeffbelotelaw.com | D. Alan Rudlin<br>arudlin@hunton.com |
| Jeff A. Woods<br>jwoods@wyattfirm.com | John David Russell<br>jrussell@fellerssnider.com |
| Jessica L. Dickerson<br>jessica.dickerson@mcafeetaft.com | Jordan K. Russell<br>russell@gungolljackson.com |
| Jodi W. Dishman<br>jodi.dishman@mcafeetaft.com | Joshua P. Hanbury<br>jhanbury@hunton.com |
| L. Mark Walker<br>mark.walker@crowedunlevy.com | Justin W. Ross<br>jross@wyattfirm.com |

17

| | |
|---|---|
| David C. Senger<br>david@cgmlawok.com | Michael V. Fitzpatrick<br>mfitzpatrick@hfblaw.com |
| Dru Waren<br>dwaren@windstream.net | Miranda R. Russell<br>mrussell@ok-counsel.com |
| Floyd James, III<br>fjames@gjmlawyers.com | Montgomery L. Lair<br>mlair@brewsterlaw.com |
| Gary C. Crapster<br>gcc@steidley-neal.com | N. Lance Bryan<br>lbryan@dsda.com |
| George P. Sibley , III<br>gsibley@hunton.com | Neal Tomlins<br>ntomlins@fmbanktulsa.com |
| Harold E. Heath<br>harold@heathlawoffice.com | Philard L. Rounds , Jr.<br>Phil@cgmlawok.com |
| J. Dillon Curran<br>dcurran@cwlaw.com | Philip O. Watts<br>wattslawoffices@coxinet.net |
| J. Randall Miller<br>rmiller@millerlawtulsa.com | Pine Drewyor<br>pdrewyor@lswsl.com |
| James M. Reed<br>jreed@hallestill.com | Rachel D. Parrilli<br>rdp@steidley-neal.com |
| James N. Crews<br>ncrews@pmrlaw.net | Sherry P. Bartley<br>sbartley@mwlaw.com |
| Jared D. Giddens<br>jgiddens@cwlaw.com | Stacy L. Acord<br>sacord@ok-counsel.com |
| Matthew T. Sheets<br>matt@gotcher-beaver.com | Stephen M. Ryan<br>stephen.ryan@dlapiper.com |
| Michael Edward Smith<br>mesmith@hallestill.com | Stone B. Sanders<br>stonebsanderslaw@yahoo.com |
| Michael J. McDaniel<br>michael@cgmlawok.com | Timothy J. Bomhoff, Esq.<br>tim.bomhoff@mcafeetaft.com |
| Linda C. Martin<br>lmartin@dsda.com | Reagan L. Madison<br>rmadison@pmrlaw.net |

18

| | |
|---|---|
| Rick D. Westcott<br>rick@westcottlawoffice.com | Robert P. Coffey , Jr.<br>robert@cgmlawok.com |
| Robert L. Stockton<br>rstockton@slawf.com | Russell R. Barton<br>rbarton@hfblaw.com |
| Robert M. Honea<br>honea@hardinlaw.com | Rusty Smith<br>rsmith@muskogeelawyers.com |
| Robert M. Rolfe<br>rrolfe@hunton.com | Ryan C. Harper<br>RyanHarper@HoldenLitigation.com |
| Robert O. O'Bannon<br>roobannon@phillipsmurrah.com | Sarah J. Timberlake<br>sjt@abowitzlaw.com |
| Trae Gray<br>traegray@traegray.com | Sean Burrage<br>sburrage@soonerlaw.com,<br>apixley@soonerlaw.com |
| Truman B. Rucker , Jr.<br>truman@ruckerlegal.com | Sean M. Higgins<br>sean.higgins@wilsonelser.com |
| Warren Gotcher<br>warren@gotcher-beaver.com | Shannon H. Ratliff<br>sratliff@ratlifflaw.com |
| William C. McAlister<br>wcm@abowitzlaw.com | Sharon T. Thomas<br>sthomas@hallestill.com |
| William D. Perrine<br>wperrine@pmrlaw.net | William S. Leach<br>bill.leach@mcafeetaft.com |
| Stratton Taylor<br>staylor@soonerlaw.com | Thomas M. Ladner<br>tladner@ladnerlittle.com |
| Matthew S. Panach<br>panach@gungolljackson.com | Lisa A. Paulson<br>lpaulson@ratlifflaw.com |
| Lance E. Leffel<br>lleffel@fellerssnider.com | Mark K. Stonecipher<br>mstonecipher@fellerssnider.com |
| Mary B. Scott<br>mbs@abowitzlaw.com | |

19

I further certify that on September 29, 2013, I served the attached document by regular U.S. mail on the following, who are not registered participants of the ECF System:

| | | |
|---|---|---|
| Christopher A. Neal<br>300 Harwood Rd<br>Bedford, TX 76021<br><br>Jason David Smith<br>The Smith Law Firm, PC<br>P.O. Box 19<br>Jay, OK 74346 | Jeffery S. Ludlam<br>Mulinix Ogden Hall Andrews<br>& Ludlam<br>210 W. Park Ave, Suite 3030<br>Oklahoma City, OK 73102<br><br>Jeffrey T. Hall<br>Holden & Carr<br>15 E. 5th St, Suite 3900<br>Tulsa, OK 74103 | Joseph K. Goerke<br>Mulinix Ogden Hall Andrews<br>& Ludlam<br>210 W. Park Ave, Suite 3030<br>Oklahoma City, OK 73102<br><br>Trevor S. Pemberton<br>Mulinix Ogden Hall Andrews<br>& Ludlam<br>210 W Park Ave, Ste 3030<br>Oklahoma City, OK 73102 |

s/Stephen R. Palmer

20