UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILL REECE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-12-0457-JH |
| ) | |
| AES CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GRACO FISHING & RENTAL TOOLS, INC. 'S
<u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

Defendant Graco Fishing & Rental Tools, Inc. ("Graco") moves for dismissal of Plaintiffs' *First Amended Complaint* (Doc. 314) and Plaintiffs' *Corrected First* ` (Doc. 315) (collectively, the "Amended Complaint") as to Graco, pursuant to FED. R. CIV. P. 12(b)(6), because the Amended Complaint fails to state any claims upon which Plaintiffs can be granted relief against Graco.

## I.  ADOPTION OF ARGUMENTS AND AUTHORITIES

Graco adopts the arguments and authorities supporting dismissal as set forth in (i) *Defendant XTO Energy,* ["XTO"] *Inc's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint, and Brief in Support* (Doc. 350), (ii) Defendant McCorkle Truck Line, Inc.'s *Motion to Dismiss and Brief in Support* (Doc. 376), (iii) Defendant Big Mac Tank Truck, LLC's *Motion to Dismiss Plaintiffs' Corrected First Amended Complaint for Failure to State a Claim and Brief in Support* (Doc. 377), and (iv) Defendant Bear Productions, Inc.'s *Motion to Dismiss Plaintiffs' Corrected First Amended Complaint and Brief in Support* (Doc. 374).

## II.    GRACO'S ARGUMENTS AND AUTHORITIES

**PROPOSITION: The Amended Complaint fails to State a Claim Against Graco.**

The Amended Complaint makes only <u>one</u> reference to Graco, which appears in Paragraph 52: "Graco Fishing & Rental Tools, Inc. is an Oklahoma corporation which engaged in the transport of PFW to the MMHF Dump Site." All other allegations in the 105-page Amended Complaint are made collectively against "Defendants" or "PFW Defendants"[1] (which includes both well operators and fluid haulers like Graco). In cases with multiple plaintiffs and multiple defendants, a complaint must state exactly who did what to whom; otherwise, the complaint fails to state a plausible claim for relief. *Thornton v. PPG Indus. Inc.*, 2011 WL 4528508, *1 (E.D. OK, Sept. 26, 2011) citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). There are no facts pled to support that Graco's acts caused Plaintiffs' injuries or loss.

### A.    The Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Using "factual matter" (and not labels or conclusion) plaintiffs must "nudge[] their claims across the line from conceivable to plausible," or the complaint must be dismissed. *Id*. See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a 12 (b)(6) motion, Plaintiffs' Amended Complaint "must do more than merely raise the possibility of a claim. It must allege the existence of a plausible one." *Peoples Elec. Co-op. v. Western Farmers Elec. Co-op.*, 746 F. Supp. 2d 1202, 1206 (W.D. Okla. 2010) (citing *Twombly*, 550 U.S. at 570). "Naked assertions" and "formulaic recitation of the elements of a course of action" do not suffice. *Twombly* at 555.

---

[1] "PFW" stands for produced fluid waste. *Amended Complaint* at ¶1.

### B. Plaintiffs' Amended Complaint fails the "Plausibility" Test of *Twombly and Iqbal*

The 105-page Amended Complaint includes six separate claims for relief; however, each claim is asserted against all the Defendants collectively. None of the six separate claims for relief identifies Graco, specifically, as having done a damage-causing act that allegedly entitle Plaintiffs to the requested relief. As previously noted, Plaintiffs' allege Graco engaged "in the transport of PFW to the MMHF Dump Site." *Amended Complaint* at ¶ 52. This is the first and last specific reference to Graco in the 105-page Amended Complaint. Plaintiffs present no facts to suggest how a trucking company, even in general, caused or contributed to the alleged injuries. Plaintiffs merely lump Graco in with other "PFW Defendants" or, in most instances, with all Defendants collectively. Moreover, Plaintiffs concede that the disposal was permitted for disposal of produced water. There is no specific nonconclusory allegation that Graco transported material not compliant with the permits, that the substances Graco transported traveled to Plaintiffs' property, that Graco's actions caused the injuries or losses Plaintiffs suffered or why Graco is responsible when a third party controlled the disposal.

"[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### C. Plaintiffs Fail to State a Claim for Strict Liability Against Graco

The only activity which Graco, specifically, is alleged to have performed is the hauling of PFW. For an activity to be abnormally dangerous such that strict liability applies, that *activity* must carry a risk that cannot be eliminated by the exercise of reasonable care. *See Taylor v. Hessler*, 1998 OK CIV APP 151, ¶ 18, 991 P.2d 35, 39. "The legal determination of abnormal

dangerousness **does not turn on the hazardousness of the substance in question, but on the defendant's activities in handling it**." *See Indiana Harbor Belt R. Co v. Am. Cyanamid Co.*, 916 F.2d 1174, 1181 (7th Cir. 1990) (Emphasis added.)

There is no Oklahoma authority holding the transport of PFW to be an abnormally dangerous activity. The Amended Complaint does not adduce any allegations which would call for the departure from Oklahoma jurisprudence expanding the activities considered ultra hazardous so as to characterize the transport of PFW as abnormally dangerous. Oklahoma law simply requires that a transportation company exercise ordinary care commensurate with the danger of the load it carries. *See e.g., Phillips Petroleum Company* v, *Pierce,* 298 P.2d 772 (Okla. 1956). Oklahoma has recognized strict liability standards should be imposed only in very few instances. *See e.g., City of Mangnum* v. *Brownlee,* 75 P.2d 174, 175-76 (Okla. 1938) (keeping wild animals); *Seismograph Service Corp.* v. *Buchanan,* 316 P.2d 185, 186-87 (Okla. 1957) (using explosives); *Silkwood v. Kerr-McGee Corp.,* 485 F. Supp. 566,572-76 (W.D. Okla. 1979); aff'd in part, rev'd in part, 667 F.2d 908 (10th Cir. 1981); rev'd and rem'd, 464 U.S. 238 (1984), rev'd for new trial on punitive damages, 769 F.2d 1451 (10th Cir. 1985); *but see Taylor* v. *Hesser,* 991 P.2d 35 (Okla. Civ. App. 1998) (paintball facility not abnormally dangerous); *State ex. rel. Coffey* v. *District Court of Oklahoma County,* 547 P.2d 947 (Okla. 1976) (firing cannons near residences not abnormally dangerous); *Gaines-Tabbs* v. *ICI Explosives U.S.A., Inc.,* 995 F. Supp. 1304 (W.D. Okla. 1996) aff'd, 160 F.3d 613 (10th Cir. 1998) (strict liability for abnormally dangerous activity not applicable to marketing and sale of ammonium nitrate).

The existence of carrier regulations suggests such activities can be conducted safely. *See e.g., Chaveriat* v. *Williams Pipe Line Co.,* 1994 WL 583598 (N.D. Ill. Oct. 18, 1994) ("The inevitability of some harm does not imply that reasonable care cannot erase the high risk of harm

that triggers liability under § 520); *New Meadows Holding Co.* v. *Washington Water Power Co.,* 687 P.2d 212, 216 (Wash. 1984) (regulation indicates risk of transmission of gas by pipeline can be eliminated); *Schwartzman, Inc.* v. *General Electric Co.,* 848 F. Supp. 942, 945 (D. N.M. 1993); *Anderson* v. *Farmland Industries,* 136 F. Supp. 2d 1192, 1199 (D. Kan. 2001).

Moreover, strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous. RESTATEMENT (SECOND) OF TORTS, § 519.  No allegation of danger during transport is ever made in the Amended Complaint, let alone harm to person, land or waters during transport.  Nowhere do Plaintiffs allege that Graco did not safely perform its transport activities.

### D. Plaintiffs Fail to State a Claim for Nuisance Against Graco

Nuisance, whether "public or private, arises where a person uses his own property in such a manner as to cause injury to the property of another." *Fairlawn Cemetery Ass'n v. First Presbyterian Church*, 1972 OK 66, 496 P.2d 1185, 1187. Oklahoma further defines the term by statute, which provides: "A nuisance consists in <u>unlawfully</u> doing an act, or omitting to perform a duty."  OKLA. STAT., tit. 50, §1.  To state a nuisance claim, Plaintiffs must allege an unlawful act.  *See Thompson v. Andover Oil Co.*, 1984 OK CIV APP 51, 691 P.2d 77, 83.

Plaintiffs present no factual content describing what unlawful act Graco allegedly committed.  Transporting produced fluids is not unlawful and transporting is all Graco is specifically alleged to have done.  Plaintiffs do not allege (nor can they) that Graco had control over the produced fluid after the delivery to the disposal.

### E.   Plaintiffs Fail to State a Claim for Trespass Against Graco

Trespass "involves an actual physical invasion of the property of another without the permission of the person lawfully entitled to possession." *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, ¶ 15, 956 P.2d 858, 862.

Plaintiffs' claim for trespass is based solely upon conclusions without regard to any operative facts, such as: (1) whose property was invaded, (2) who caused the invasion, (3) how the invasion occurred, (4) when the invasion occurred, or (5) that an invasion occurred. Plaintiffs assertion that a trespass occurred "through the migration and accumulation of hazardous and toxic nonhazardous and deleterious substances upon the surface, under the ground and through the air" is conclusory. There is no factual allegation creating any causal nexus between Graco's alleged transportation activities and an invasion of Plaintiffs' property.

### F.   Plaintiffs Fail to State a Claim for Negligence Against Graco

Negligence requires Plaintiffs to show: "(1) a duty owed by [Graco] to protect [Plaintiffs] from injury, (2) a failure properly to exercise or perform that duty, and (3) an injury to [Plaintiffs] proximately caused by [Graco's] breach of that duty." *Akin v. Missouri Pacific R. Co.*, 1998 OK 102, ¶36, 977 P.2d 1040, 1054. In Oklahoma, "[t]he threshold requirement in any case based on negligence is to establish the existence of a duty," which is an issue of law for the Court. *Scott v. Archon Group, L.P.*, 2008 OK 45, ¶17, 191 P.3d 1207, 1211.

The Amended Complaint fails to state any facts alleging that Graco (1) did not transport produced fluid with reasonable care or (2) knew or should have known produced fluid was being released from the MMFH Site. Plaintiffs' conclusions in the *Amended Complaint* at ¶ 185 (Similar at ¶¶ 221(b) and 222) that "PFW Defendants" knew or should reasonably have known the produced fluid wastes were being improperly disposed of are pure speculation which do not

defeat a 12(b)(6) motion. *See Iqbal*, 556 U.S. at 680 (allegation that party knew of, condoned, and willfully and maliciously agreed to something was impermissibly conclusory); *Hammonds v. Boston Scientific, Inc.*, 2011 WL 4978369, *2 (W.D. Okla., October 19, 2011) (allegation that manufacturer made statements it "knew or should have known" were false, without more, was conclusory). Plaintiffs also cannot plausibly factually contend that Graco had any duty with regard to the MMHF Site or neighboring people or property. Oklahoma law does not impose a duty to anticipate or prevent illegal activity of third parties. *Henry v. Merk and Co., Inc.*, 877 F.2d 1489, 1492 (10th Cir. 1989).

When stripped of conclusory language, Plaintiffs assert one fact against Graco by name: "Graco Fishing & Rental Tools, Inc. is an Oklahoma corporation which engaged in the transport of PFW to the MMHF Dump Site." *Amended Complaint* at ¶ 52. This assertion is wholly deficient of facts showing Graco's duty to *any* certain plaintiff, Graco's breach to *any* certain plaintiff, and how *any* certain plaintiff was harmed as a proximate cause of Graco's actions. This failure entitles Graco to dismissal of Plaintiffs' negligence claim.

### G.   Plaintiffs Fail to State a Claim in Negligence *Per Se* Against Graco

The Amended Complaint refers to a host of federal and state statutes, standards and regulations to establish a "minimum standard"; however, Plaintiffs' attempt misses the mark. The statutes and regulations which Plaintiffs allege were violated are not those that directly govern the activity in which Graco allegedly engaged. *See e.g.*, OKLA. ADMIN. CODE §§ 165:30-10-5, 165:30-3-13, 165:30-3-11, 165:30-10-5. In Oklahoma, the existence of an applicable statute is foundational to a negligence per se claim. *See McGee v. Alexander*, 2001 OK 78, ¶26, 37 P.3d 800 ("Because the statute does not apply to Hillcrest, Hillcrest did not violate it. The first element of negligence per se is missing.").

**H.      Plaintiffs Fail to State a Claim for Unjust Enrichment Against Graco**

Plaintiffs allege generally that defendants have been greatly enriched by non-specific acts or omissions, which Plaintiffs claim have provided Defendants with "substantial pecuniary benefits at the expense of Plaintiffs." *See* Amended Complaints [Doc. 315], at ¶¶ 231-32, p. 99. Unjust enrichment requires Plaintiffs show it is "contrary to equity and good conscience for [Graco] to retain a benefit which has come to [it] at the expense of [Plaintiffs.]" *Lapkin v. Garland Bloodworth Inc.*, 2001 OK CIV APP 29, ¶ 7, 23 P.3d 958, 961. Plaintiffs' Amended Complaint is devoid of facts showing that Graco benefited or gained an advantage at Plaintiffs' expense.

## CONCLUSION

Despite instructions from this Court and an opportunity to amend, Plaintiffs' again tender simply naked assertions devoid of any further factual enhancement. As a result, the standard set forth by the United States Supreme Court in *Twombly* and *Iqbal* provides for dismissal of Plaintiffs' claims against Graco, as Plaintiffs fail in their renewed attempt to state a claim. Plaintiffs' Amended Petition, does not present any specific factual support relating to Graco's alleged involvement or how such involvement caused or contributed to Plaintiffs' alleged injuries. Accordingly, Graco requests the Court grant its Motion to Dismiss.

Respectfully submitted,

*s/ J. Dillon Curran*
Jared D. Giddens, OBA No. 3355
J. Dillon Curran, OBA No. 19442
Of the Firm:
Conner & Winters, LLP
One 211 North Robinson, Suite 1700
Oklahoma City, Oklahoma 73102-7101
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
jgiddens@cwlaw.com
dcurran@cwlaw.com

***ATTORNEYS FOR DEFENDANT GRACO FISHING & RENTAL TOOLS, INC.***

9

## CERTIFICATE OF SERVICE

  I hereby certify that on September 11, 2013, I electronically transmitted the foregoing ***DEFENDANT GRACO FISHING & RENTAL TOOLS, INC'S MOTION TO DISMISS AND BRIEF IN SUPPORT*** to the Clerk of the Court using ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| A. Scott McDaniel<br>smcdaniel@ok-counsel.com | D. Alan Rudlin<br>arudlin@hunton.com |
| Allison J. Maynard<br>Allison.Maynard@wilsonelser.com | Daniel K. Zorn<br>dkz@czwglaw.com |
| Andrew D. Sims<br>asims@hfblaw.com | David C. Senger<br>david@cgmlawok.com |
| Andrew M. Conway<br>aconway@ok-counsel.com | David W. Wulfers<br>dwulf@jpwlaw.com |
| Bradley A. Gungoll<br>gungol1@gungolljackson.com | Dru Waren<br>dwaren@windstream.net |
| Brian R. McLaughlin<br>mc1aughlinlaw@justice.com | Floyd James, III<br>fjames@gjmlawyers.com |
| C. Michael Daily<br>mdaily@dailywoods.com | Fred A. Leibrock<br>faleibrock@phillipsmurrah.com |
| C. Miles Tolbert<br>miles.tolbert@crowedunlevy.com | Gary C. Crapster<br>gcc@steidley-neal.com |
| Charles D. Neal, Jr.<br>cdn@steidley-neal.com | George P. Sibley, III<br>gsibley@hunton.com |
| Clark o. Brewster<br>cbrewster@brewsterlaw.com | Harold E. Heath<br>harold@heathlawoffice.com |
| Clint Russell<br>crussell@soonerlaw.com | J. Randall Miller<br>rmiller@millerlawtulsa.com |
| Cody J. Cooper<br>cjcooper@phillipsmurrah.com | James M. Reed<br>jreed@hallestill.com |
| Courtney Ross Samford<br>csamford@wyattfinn.com | James N. Crews<br>ncrews@pmrlaw.net |
| Jason T. Seay<br>jseay@cityoftulsa.org | Mary B. Scott<br>mbs@abowitzlaw.com |

Jeff Belote
jeff@jeffbelotelaw.com

Jeff A. Woods
jwoods@wyattfirm.com

Jessica L. Dickerson
Jessica.dickerson@mcafeetaft.com

Jodi W. Dishman
jodi .dishman@mcafeetaft.com

John David Russell
jrussell@fellerssnider.com

Jordan K. Russell
Russell@gungoljackson.com

Joshua P. Hanbury
jhanbury@hunton.com

Justin W. Ross
jross@wyattfirm.com

Kara E. Moore
kmoore@jpwlaw.com

L. Mark Walker
mark. walker@crowedunlevy.com

Lance E. Leffel
lleffel@fellerssnider.com

Linda C. Martin
lmartin@dsda.com

Lisa A. Paulson
lpaulson@ratlifflaw.com

Mark K. Stonecipher
mstonecipher@fellerssnider.com

Rick D. Westcott
rick@westcottlawoffice.com

Robert L. Stockton
rstockton@slawf.com

Robert M. Honea
honea@hardinlaw.com

Matthew S. Panach
panach@gungolljackson.com

Matthew T. Sheets
matt@gotcher-beaver.com

Michael Edward Smith
mesmith@hallestill.com

Michael J. McDaniel
Michael@cgmlawok.com

Michael V. Fitzpatrick
mfitzpatrick@hfblaw.com

Miranda R. Russell
mrussell@ok-counsel.com

Montgomery L. Lair
mlair@brewsterlaw.com

N. Lance Bryan
lbryan@dsda.com

Neal Tomlins
ntomlins@fmbanktulsa.com

Philard L. Rounds, Jr.
Phil@cgmlawok.com

Philip O. Watts
wattslawoffices@coxinet.net

Pne Drewyor
pdrewyor@lswsl.com

Rachel D. Parrilli
rpd@steidley-neal.com

Reagan L. Madison
rmadison@pmrlaw.net

Sherry P. Bartley
sbartley@mwlaw.com

Stacy L. Acord
sacord@ok-counsel.com

Stephen M. Ryan
Stephen.ryan@dlapiper.com

Robert M. Rolfe
rrolfe@hunton.com

Robert O. O'Bannon
roobannon@phillipsmurrah.com

Robert P. Coffey, Jr.
robert@cgmlawok.com

Russell R. Barton
rbarton@hfblaw.com

Rusty Smith
rsmith@muskogeelawyers.com

Ryan C. Harper
RyanHarper@HoldenLitigation.com

Sarah J. Timberlake
sjt@abowitzlaw.com

Sean Burrage
sburrage@soonerlaw.com,
apixley@soonerlaw.com

Sean M. Higgins
sean.higgins@wilsonelser.com

Shannon H. Ratliff
sratliff@ratlifflaw.com

Shannon Davis
sdavis@jpwlaw.com

Sharon T. Thomas
sthomas@hallestill.com

Stephen R. Palmer
srp@czwglaw.com

Stone B. Sanders
Stonebsanderslaw@yahoo.com

Stratton Taylor
staylor@soonerlaw.com

Thomas M. Ladner
tladner@ladnerlittle.com

Timothy J. Bomhoff, Esq.
Tim.bomhoff@mcafeetaft.com

Todd Maxwell Henshaw
thenshaw@jpwlaw.com

Trae Gray
traegray@traegray.com

Truman B. Rucker, Jr.
truman@ruckerlegal.com

Warren Gotcher
warren@gotcher-beaver.com

William C. McAlister
wcm@abowitzlaw.com

William D. Perrine
wperrine@pmrlaw.net

William S. Leach
bill.leach@mcafeetaft.com

I further certify that on September 11, 2013, I served the attached document by regular U.S. mail on the following, who are not registered participants of the ECF System:

Christopher A. Neal
300 Harwood Rd.
Bedford, TX  76021

Jason David Smith
The Smith Law Firm, PC
P.O. Box 19
Jay, OK 74346

Jeffery S. Ludlam
Mulinix Ogden Hall Andres & Ludlam
210 W. Park Ave., Suite 3030
Oklahoma City, OK  73102

Jeffrey T. Hall
Holden & Carr
15 E. 5th St., Suite 3900
Tulsa, OK 74103

Joseph K. Goerke
Mulinix Ogden Hall Andres & Ludlam
210 W. Park Ave., Suite 3030
Oklahoma City, OK  73102

Trevor S. Pemberton
Mulinix Ogden Hall Andres & Ludlam
210 W. Park Ave., Suite 3030
Oklahoma City, OK  73102

*s/ J. Dillon Curran*